# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2026

Lyle W. Cayce
Clerk

———————

No. 24-50787

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jason Michael Schubert,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1019

———————————————————

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jason Michael Schubert pled guilty to wire fraud and money laundering after defrauding hotel investors. At sentencing, his counsel did not object to an inapplicable offense-level increase, which resulted in Schubert's being sentenced under an erroneous (higher) Guidelines range.

Schubert moved to vacate his sentence, arguing that his counsel rendered ineffective assistance by failing to object to the offense-level

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

increase.  The district court denied his motion, explaining that the court's imposition of Schubert's sentence, which was below even the correct Guidelines range, was independent of the erroneous calculation.  Schubert had thus failed to show that the error was prejudicial, dooming his ineffective assistance claim.  We affirm.

## I.

From 2012 until 2018, Jason Schubert conducted a scheme to defraud hotel investors for his own personal gain.  Schubert created and ran a seminar—the "Rich in Five" seminar—at which Schubert told attendees that they could make a lot of money by investing in hotel properties. He used the seminar to identify and solicit potential investors.  Schubert presented himself as a shrewd player in the hospitality game, capable of producing sizable financial returns with little effort by the investors.  The plan, he told investors, was to start an entirely new hotel brand under Schubert's keen management, consultancy, and financial oversight.  He would use their investment money to purchase, improve, and operate the hotels.  With Schubert's know-how, the new hotel chain would quickly turn a profit.

But Schubert was not actually a savvy hotel insider, and he had no intention of using the investment funds he received to make money for his investors.  On the contrary, Schubert used the funds for his personal benefit: He paid himself substantial "management fees" and paid expenses for other hotels in which the investors had no legal or financial interest.  At times, Schubert took sole control of new hotels' bank accounts, in which he deposited invested funds, restricted investors from accessing them, and then used the deposits for his own purposes.  Schubert also diluted investors' interests in the hotel properties by obtaining financing from outside lenders secured by the same properties.  So, when properties were eventually foreclosed upon and reclaimed by their prior owners, the investors lost their

interests in the hotels in which they believed they had invested.  The losses caused by Schubert totaled about two million dollars.

In 2020, Schubert pled guilty to wire fraud and money laundering in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1957, respectively.  He waived his right to appeal except as to a sentence exceeding the statutory maximum.  He also waived any collateral attack except as to claims of ineffective assistance of counsel or prosecutorial misconduct.  As part of the plea deal, the Government agreed to recommend a sentence at the low end of the Sentencing Guidelines range.

The presentence report (PSR) calculated an offense level of 31 and a criminal history category of I.  The PSR indicated that Schubert's offense level included an enhancement pursuant to U.S.S.G. § 2S.1.1(b)(3), which increases the offense level by two for a conviction under 18 U.S.C. § 1956 if the offense "involved sophisticated laundering."  In total, Schubert's Guidelines sentencing range calculated by the PSR was 108 to 135 months.  Neither Schubert nor the Government objected to the PSR.  However, before sentencing, Schubert's counsel filed a memorandum in support of a downward variance from the recommended sentence focused on the factors enumerated in 18 U.S.C. § 3553(a).

At sentencing, the district court adopted the PSR's 108-to-135-month Guidelines range.  The court then allowed the attorneys, witnesses, and Schubert to speak.  At the end of Schubert's allocution, the court remarked that his statement was "really a master class in failing to accept responsibility" because "there was nothing in what [he] said where [he] really admitted that [he] did anything wrong."  The court noted that while "we over-incarcerate people, . . . we need to send a very clear message that certain conduct will not be tolerated."  The court further explained its rationale:

No. 24-50787

> [W]e do need to encourage early restitution, and I will take into consideration [Schubert's] attempts to do that. And as a basis on which to vary from the [G]uideline recommendation, I think that there is some number of months that would represent what [Schubert] did to these victims to send a message to [him] and to other people that there are consequences to it, . . . based on what [his] lawyer said basically and that is that [Schubert] didn't get into this from the beginning . . . with the intention of doing this and that [he] ha[s] at least started [his] way to making restitution. I am going to use those factors as a reason to vary a bit from the [G]uidelines.

The district court then sentenced Schubert to 70 months for each of the two counts, to be served concurrently.[1]

Schubert later moved to vacate his sentence under 28 U.S.C. § 2255. Relevantly, the second of Schubert's four habeas claims asserted that his counsel was ineffective for failing to object to the two-level increase under U.S.S.G. § 2S.1.1(b)(3). That enhancement, Schubert explained, applies only to convictions under 18 U.S.C. § 1956, and Schubert pled guilty to violating § 1957. The Government agreed that the enhancement's application was erroneous but argued that Schubert's claim nonetheless failed because he did not show prejudice, as required to sustain a claim for ineffective assistance of counsel.

A magistrate judge recommended that the district court deny Schubert's § 2255 motion. The magistrate judge agreed that the § 2S.1.1(b)(3) enhancement was erroneous, and without it, Schubert's Guidelines sentencing range would have been 87 to 108 months rather than 108 to 135 months. But the magistrate judge concluded that Schubert had

---

[1] Despite Schubert's appeal waiver, Schubert noticed an appeal to this court. But he later filed a motion voluntarily to dismiss the direct appeal, which this court granted.

not shown that his counsel's failure to object was prejudicial. Examining the record, the magistrate judge explained that the district court's sentence was not based on the Guidelines calculation. In short, there was "no reason to believe, other than speculation, that [the district court] would have imposed a different sentence if the correct Guideline range had been calculated." The magistrate judge further recommended denying a certificate of appealability.

The district court—the same one that sentenced Schubert—adopted the magistrate judge's report and recommendation in full. The district court explained that it had "varied from the Guideline Range based on its own assessment of the 18 U.S.C. § 3553 factors, with the result that Schubert received a sentence considerably lower than the Guideline Range." As the district court put it, "the Court rendered its sentence independent of the Guideline Range." Therefore, the district court concluded that the erroneous enhancement did not affect the imposition of Schubert's sentence and thus was not prejudicial. We granted a certificate of appealability, limited to Schubert's ineffective assistance claim grounded on the erroneous Guidelines calculation.

## II.

"In the appeal of a denial of a § 2255 motion, we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (citation omitted). A district court's conclusions "concerning a § 2255 petitioner's claims of ineffective assistance of counsel involve mixed questions of law and fact, which we review de novo." *Id.* (citing *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002)).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that "(1) his 'counsel's performance fell below an objective standard of reasonableness,' and (2) that his counsel's deficient performance

caused him prejudice." *Id.* (quoting *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004)). To demonstrate prejudice, the defendant must show that "there is a reasonable probability that the results of the proceedings would have been different without the attorney's errors." *United States v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Surmounting *Strickland*'s high bar is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010)).

## III.

The parties only dispute whether Schubert met the prejudice requirement for his ineffective assistance of counsel claim. Schubert's prejudice argument is somewhat novel, and it contains a few interlocking logical steps.

First, he argues that *Strickland*'s prejudice requirement is identical to the equivalent element for plain-error review, which requires that the error "affect[ed] the defendant's substantial rights." *See, e.g.*, *United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir. 2009). For that proposition, Schubert cites the Supreme Court's decision in *United States v. Dominguez Benitez*, 542 U.S. 74 (2004), in which the Court held that a defendant seeking reversal of a conviction after a guilty plea on the ground that the district court committed plain error must show "that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *Id.* at 83 (quoting *Strickland*, 466 U.S. at 694).

Schubert next argues that a sentence imposed following a Guidelines-range miscalculation is presumptively prejudicial for purposes of plain-error review. In support, he cites the Supreme Court's decision in *Molina-Martinez v. United States*, 578 U.S. 189 (2016), in which the Court held that

6

a district court's "reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Id.* at 201.

Put together, the premises of Schubert's argument are that (1) *Strickland* prejudice is the same as plain-error prejudice, and (2) on plain-error review, reliance on an erroneous Guidelines range is presumptively prejudicial. *Ergo*, his counsel's failure to object to the two-level increase—which allowed the erroneous Guidelines range to stand uncorrected—was presumptively prejudicial for purposes of his *Strickland* claim.

A creative argument, but we need not engage with it. Even if *Molina-Martinez* applies to a collateral attack just as it does on direct appeal—a proposition that we have never endorsed and that the Government disputes—Schubert's *Strickland* claim fails either way. As Schubert concedes, *Molina-Martinez* established only a presumption that applying an erroneous Guidelines range is prejudicial. And as the *Molina-Martinez* Court explained, "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist." *Id.* at 200. Indeed, the Court noted that "[t]he record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* That is the case now before us: The record demonstrates that the district court imposed Schubert's 70-month sentence, below even the *correct* Guidelines range, regardless of the Guidelines calculations.

This court has previously explained that "a defendant's substantial rights [were] affected" in a case like Schubert's if "(1) a district court uses the Guidelines as a starting point; (2) the Guidelines calculation is incorrect; and (3) the record is silent as to what the district court might have done had the Guidelines range been correct." *United States v. Blanco*, 27 F.4th 375, 381 (5th Cir. 2022) (citing *Molina-Martinez*, 578 U.S. at 199–200)).

Schubert's claim falters on the third of these requirements. The record is anything but silent on the district court's rationale for Schubert's sentence. For starters, as noted earlier, Schubert filed a memorandum to the district court seeking a downward variance at sentencing. At sentencing, the district court stated that it was going to "vary a bit from the [G]uidelines." The court's written Statement of Reasons, attached to the Judgment, further reflects that the district court imposed a variance based on the factors in 18 U.S.C. § 3553(a), not a departure. "Those semantics matter: a 'departure' refers only to sentences imposed under the advisory Guidelines framework, whereas a 'variance' rests outside the Guidelines apparatus and stems instead from 18 U.S.C. § 3553(a)'s sentencing factors." *United States v. Barton*, 879 F.3d 595, 602 (5th Cir. 2018).

But to the more obvious point: In the district court's order adopting the magistrate judge's recommendation to deny Schubert's § 2255 petition, the district court unambiguously stated that it had "rendered its sentence independent of the Guideline range." We give sizable weight to the fact that the district judge who denied the § 2255 petition is the same one who sentenced the defendant. *See United States v. Massey*, 79 F.4th 396, 401 (5th Cir. 2023); *see also United States v. Brito*, 601 F. App'x 267, 273 (5th Cir. 2015) ("Since the same judge presided over sentencing and the § 2255 proceeding, she is 'in the best position to know' what she meant by [an ambiguous] statement.") (quoting *United States v. Missio*, 597 F.2d 60, 61 (5th Cir. 1979) (per curiam)). We take the district court at its word when it said that it imposed Schubert's below-Guidelines sentence irrespective of the Guidelines range.[2]

---

[2] Schubert insists that we cannot consider the district court's statements at the § 2255 stage because a prejudice analysis must rest exclusively on the sentencing transcript. But as explained *supra*, our precedents squarely allow—indeed, they encourage—our

We also note the dissimilarities between Schubert's situation and two unpublished cases from other circuits that applied *Molina-Martinez* to a collateral attack. In one of those cases, the court held that the attorney's failure to object affected the defendant's substantial rights after the district court particularly noted that its sentence was "the lowest sentence within what it believed to be the applicable range." *Bates v. United States*, 649 F. App'x 971, 976 (11th Cir. 2016) (per curiam) (citation and brackets omitted). In the other, the court found prejudice after noting that the district court "reiterated that [the] sentence was imposed . . . with the Guidelines 'calculation very much in mind.'" *United States v. Feldman*, 793 F. App'x 170, 175 (4th Cir. 2019) (per curiam). The *Feldman* court further observed that the district court's comments "expressly connect[ed] the district court's discussion of the § 3553(a) factors . . . specifically to the aspect of the Guidelines calculation that was erroneous . . . ." *Id.* *Contra* the record in Schubert's case, which contains no such examples of the district court's tying the ultimate sentence to the Guidelines range.

In sum, Schubert fails to meet the prejudice prong required for his *Strickland* claim because the erroneous Guidelines calculation did not affect the district court's imposition of Schubert's sentence. The district court's judgment is

AFFIRMED.

---

consideration of the district court's findings in its order denying a § 2255 petition. *See Massey*, 79 F.4th at 401 (collecting examples).